In the Matter of the Application of THOMAS W LAMONT and Others, Individually and as Members of the International Committee of Bankers on Mexico, Petitioners, for an Order against MAURICE A. FITZGERALD, Sheriff of the County of Queens, Respondent.

Supreme Court, Special Term, Queens County, March 5, 1941.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the petitioners.

*Austin B. Mandel,* for the respondent.

HOOLEY, J. Application for an order under article 78 of the Civil Practice Act, directing respondent sheriff to enforce an execution issued pursuant to section 1520 of the Civil Practice Act, for the collection of motion costs in the amount of $313.57, with interest.

The respondent sheriff refused to accept the execution upon the ground that the costs were recovered more than five years

previously, and that the execution did not recite, as required by section 651 of the Civil Practice Act, either (1) that a previous execution had been issued within five years from the date of the recovery of the costs and returned either wholly or partially unsatisfied, or (2) that leave of the court to issue the execution had been obtained.

Section 1520, aforesaid, provides: " Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within ten days after the service of a copy of the order, *an execution against the personal property only * * * * may be issued * * * which execution shall be in the same form, as nearly as may be, as an execution upon a judgment, omitting the recitals and directions relating to the real property; * * * *.*" (Italics supplied.)

It should be emphasized that the language used states that the execution shall be " in the same form " as an execution upon a judgment, and does not say that it should be enforced *in the same manner* as an execution upon a judgment. If the Legislature had intended that the process of the court directing the enforcement of an order awarding motion costs, or a sum of money, which is termed an " execution " in section 1520 aforesaid, was to be enforced in the same manner as an execution on a judgment, it would have said so in clear language. For example, section 83 of the Surrogate's Court Act provides for the issuance of an execution against property in connection with the enforcement of decrees of the Surrogate's Court directing the payment of a sum of money. The section then provides that the execution must be issued by the surrogate or clerk of the Surrogate's Court, under the seal of the court, and must be returnable to the court. It then recites that in all other respects, the provisions of law relating to a judgment of the Supreme Court and the proceedings to collect it apply to the execution of the Surrogate's Court.

It is clear, therefore, that the failure of the Legislature to include in section 1520 of the Civil Practice Act language similar to that used in section 83 of the Surrogate's Court Act negatives any claim that it was intended that executions against personal property only for interlocutory costs under section 1520 aforesaid were to be deemed similar to executions issued in connection with final judgments, *except as to form.*

In view of the fact, therefore, that there is no time limitation in section 1520 aforesaid within which an execution thereunder must be issued, the court is of the opinion that the petitioners are entitled to the relief sought.

Application granted.   Settle order on notice.